# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRIZIO BALESTRI,<br><br>          Plaintiff,<br>vs.<br><br>CIT GROUP INC., and STUDENT LOAN XPRESS, INC.,<br><br>          Defendants. | CASE NO. 08-CV-0846-JLS (JMA)<br><br>**ORDER: DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>(Doc. No. 7) |

Presently before the Court is Plaintiff's Motion to Remand [Doc. No. 7] and Defendants CIT Group Inc. ("CIT") and Student Loan Xpress, Inc.'s ("SLX") Opposition. [Doc. No. 11]  For the following reasons, this Court **DENIES** Plaintiff's Motion to Remand.

## BACKGROUND

On April 11, 2008, Plaintiff filed suit against Defendants in the Superior Court of the State of California for the County of San Diego. (Memo. ISO Motion, at 3.)  Plaintiff's complaint sought relief under California law for breach of contract and under California Labor Code § 201. (NOR, Ex. A, at 2–3.)  On May 9, 2008, Defendants filed a notice of removal in federal court. (Memo. ISO. Motion, at 3.)  Plaintiff filed this motion to remand the case to the San Diego Superior Court on June 9, 2008.

## LEGAL STANDARD

In cases "brought in a State court of which the district courts of the United States have

1 original jurisdiction," a defendant may remove the case to federal district court. 28 U.S.C.
2 §1441(a). However, courts "strictly construe the removal statute against removal jurisdiction."
3 Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Therefore, "[f]ederal
4 jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."
5 Id. (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

6 The removing party bears the burden of establishing that federal subject matter jurisdiction
7 exists. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). In order to establish
8 removal jurisdiction over a diversity action, the removing defendants must establish compliance
9 with 28 U.S.C. § 1332(a), which provides for diversity jurisdiction where (a) the amount in
10 controversy exceeds $75,000.00, and (b) the suit is between citizens of different states. For
11 purposes of the amount in controversy requirement, where, as in the present case, the "complaint
12 filed in state court alleges on its face an amount in controversy sufficient to meet the federal
13 jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal
14 certainty' that the plaintiff cannot actually recover that amount." Guglielmino v. McKee Foods
15 Corp., 506 F.3d 696, 699 (9th Cir. 2007) (citing Sanchez v. Monumental Life Ins. Co., 95 F.3d
16 856, 862 (9th Cir. 1996)). Section 1332(a) also requires complete diversity between plaintiffs and
17 defendants. Miller v. Grgurich, 763 F.2d 372, 373 (9th Cir. 1985) (citing Strawbridge v. Curtiss, 7
18 U.S. (3 Cranch.) 267 (1806)). Courts look to "the time of the filing of a complaint" to determine
19 whether complete diversity exists. In re Haw. Fed. Asbestos Cases, 960 F.2d 806, 810 (9th Cir.
20 1992) (citing Smith v. Sperling, 354 U.S. 91, 93 n.1 (1957)). The removing party must prove their
21 allegations by a preponderance of the evidence. Gaus v. Miles, Inc., 980 F.2d 564,567 (9th Cir.
22 1992). The Court takes this proof from the notice of removal and may also, if it so chooses,
23 construe the brief in opposition to the Motion to Remand as an amendment to the Notice of
24 Removal. See Cohn v. Petsmart, Inc., 281 F.3d 837, 840 n.1 (9th Cir. 2002) (citing Willingham v.
25 Morgan, 395 U.S. 402, 407 n.3 (1969)).

26 **ANALYSIS**

27 Two key jurisdictional facts in this case are undisputed: 1) Plaintiff's complaint satisfies
28 the amount in controversy requirement, (NOR, Ex. A, ¶¶ 15, 21, 24; Opp., at 6.), and 2) Plaintiff is

a citizen of California.  (NOR, Ex. A, ¶ 1; Opp., at 6.)  Where the parties disagree is on the question of Defendants' domiciles.  Plaintiff's motion to remand argues that the Court should remand this case to San Diego Superior Court because Defendants are domiciled in California, thus the Court lacks jurisdiction.  (Memo. ISO Motion, at 6–7.)  Defendants counter by claiming that Plaintiff misstates their citizenship and, therefore, complete diversity exists and this Court has jurisdiction. (Opp., at 6–12.)

28 U.S.C. § 1332(c) sets the standard for determining corporations' citizenship.  When evaluating citizenship for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c).  A corporation's state of incorporation is a straightforward factual matter.  For determining a corporation's principal place of business, however, courts use two tests.  The "nerve center" test looks to "where [the corporation's] executive and administrative functions are performed." Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).  Alternately, under the "place of operations" test, "the principal place of business is the state which 'contains a substantial predominance of corporate operations.'" Id. (quoting Inland Rubber Corp. v. Triple A Tire Service, Inc., 220 F.Supp. 490, 496 (S.D.N.Y. 1963)).  To find the principal place of business, courts look to many factors including "the location of employees, tangible property, . . . production activities," "where income is earned, purchases are made, and sales take place." Id., at 1094.  In the Ninth Circuit, the "place of operations" test is the primary test. Id.  The "'nerve center' test should be used only when no state contains a substantial predominance of the corporation's business activities." Id.

Plaintiff's initial complaint alleges that Defendants are both Delaware corporations doing business in San Diego, California.  Since "[t]he diversity upon which removal is predicated . . . should generally be determined from the face of the complaint," this allegation is the default position for this Court. Miller v. Grgurich, 763 F.2d 372, 373 (9th Cir. 1985) (citing Salveston v. W. States Bankcard Ass'n, 731 F.2d 1432, 1426 (9th Cir. 1984)).  Defendants admit that they are Delaware corporations.  (Opp., at 1.)  Therefore, unless Defendants can show by a preponderance of the evidence that their principal place of business is outside of California, this Court must

1  remand to the San Diego Superior Court. Gaus, 980 F.2d, at 567.

2        The parties lay out for this Court two competing sets of facts about Defendants' principal
3  places of business. Plaintiff, in his complaint, alleges that both Defendants' principal place of
4  business is in San Diego, California. (NOR, Ex. A, ¶¶ 2–3.) Defendants claim both in their Notice
5  of Removal and Brief in Opposition to Plaintiff's Motion to Remand that both Defendants'
6  principal places of business are New Jersey. (NOR ¶ 2(b); Opp., at 6.) Because Defendants'
7  opposition brief contains significantly more detail than its Notice of Removal, the Court chooses
8  to construe it as an amendment to its Notice of Removal. The Court will address the evidence in
9  support of diversity for each defendant in turn.

10       With regard to defendant CIT Group Inc., neither Plaintiff nor Defendants has spilled much
11 ink to establish a principal place of business. Plaintiff alleges in his complaint that CIT's principal
12 place of business is San Diego, California, however he offers no evidence to defend this assertion.
13 (NOR, Ex. A, ¶ 2.) Defendants assert that CIT's principal place of business is in New Jersey in
14 their Notice of Removal, in their opposition brief, and in two declarations. (NOR ¶ 2(b); Opp., at
15 6; Chester Decl. IOT Motion ¶ 1; Cifrese Decl. IOT Motion ¶ 1.) Defendants' bear the burden to
16 prove CIT's principal place of business only by a preponderance of the evidence. Since
17 Defendants' declarations stand essentially uncontradicted, this Court finds that Defendants have,
18 by a preponderance of the evidence, established that CIT's principal place of business is in New
19 Jersey.

20       Both parties focus almost exclusively on defendant SLX's citizenship. Plaintiff's
21 complaint alleges that SLX has its principal place of business in California. (NOR, Ex. A, ¶ 3.)
22 He supports this in his motion to remand with further factual detail. Plaintiff claims that while
23 president and chief executive officer of SLX, he "was employed in and lived in San Diego,
24 California." (Balestri Decl. ISO Motion ¶ 3.) He also claims that 62.9% of SLX's employees
25 work in San Diego, "all of its sales and marketing activities are located in San Diego," its call
26 center is located in San Diego, and its human resources and accounting activities occur in San
27 Diego. (Id., ¶¶ 5–7, 9.) The exhibits attached to Plaintiff's declaration are documents intended to
28 prove the declaration's allegations. These exhibits include requests for bids where SLX's address

1  is in San Diego and twelve executives' business cards with addresses in San Diego.  (Id., Ex.
2  C–D.)
3        Defendants attempt to parry Plaintiff's claims by focusing on the state of SLX as of April
4  11, 2008, the date of the complaint's filing.  Defendants claim that SLX's operations in San Diego
5  were being shuttered, and that this was "formally announced" on April 3, 2008.  (Opp., at 1–2.)
6  They also assert that SLX and its subsidiary had 85 employees in California and 215 in Ohio.
7  (Opp., at 8; Cifrese Decl. IOT Motion ¶¶ 3–5.)  SLX's employees, according to Defendants,
8  worked in four different offices: one in California, two in Ohio, and one in New Jersey.  (Opp., at
9  9–10; Chester Decl. IOT Motion ¶¶ 4, 12, 14.)  Moreover, SLX's executives were housed in the
10 New Jersey office and exercised control of the business from there.  (Opp., at 10–11; Chester Decl.
11 ¶¶ 11–13.)  Defendants also claim that "as of April 11, 2008, SLX did not have any sales
12 originating in California," and that all of its loans after 2005 were "processed and originated in
13 Cleveland[, Ohio]."  (Opp., at 8–9; Chester Decl. ¶ 20.)
14       As discussed previously, Defendants must establish the factual basis of their removal by a
15 preponderance of the evidence.  The key question is SLX's citizenship as of the time that Plaintiff
16 filed the complaint.  See In re Haw. Fed. Asbestos Cases, 960 F.2d at 810.  Defendants' offer three
17 declarations in order to prove their factual claims about SLX's domicile.  (See Chester Decl.;
18 Beach Decl. IOT Motion; Cifrese Decl.)  Plaintiff also provides significant documentary support
19 for his claims about SLX.  (See Memo. ISO Motion Exs. B–D.)  This Court finds Defendants'
20 factual claims and declarations to be the more credible account of SLX's business activities.
21 Plaintiff has clearly shown that, at one time, SLX executives had offices in San Diego and that
22 significant business occurred there.  None of his evidence, however, is dated.  The Court cannot
23 tell whether this information reflects the state of affairs at SLX as of the time Plaintiff filed the
24 complaint.  Defendants' evidence, on the other hand, provides specific time frames for its busienss
25 activity.  See, e.g., Chester Decl. ¶ 11; Beach Decl. ¶ 2; Cifrese Decl. ¶¶ 2–4.)  Therefore, the
26 Court finds that Defendants have established their factual claims about SLX's business by a
27 preponderance of the evidence.
28       The question of SLX's citizenship still remains.  As previously discussed, this Court uses

1  the "place of operations" test as its primary test of corporate citizenship. Indus. Tectonics, Inc.,
2  912 F.2d at 1092. To determine SLX's place of operations, the Court looks for the "state which
3  'contains a substantial predominance of corporate operations.'" Id. (quoting Inland Rubber Corp.,
4  220 F.Supp. at 496). Under this standard, Ohio is SLX's principal place of operations. As of
5  April 11, 2008, SLX had 215 employees in two offices Ohio and only 85 in one office in
6  California. (Opp., at 8.) All of SLX's loans were being processed in Ohio, and none of their sales
7  originated in California. (Opp., at 8–9.) Even though the company's home office is in New Jersey
8  and their executives exercise control from there, in light of Defendants' factual assertions, the
9  Ohio component of SLX's business is "significantly larger than any other state in which [SLX]
10 conducts business." Tosco Corp. v. Cmtys. for a Better Env't, 236 F.3d 495, 500 (2001). Even if
11 Ohio were not SLX's principal place of operations, California would also not be its principal place
12 of operations. SLX did less business in California than other states, had less employees in
13 California than other states, made no money in California, and made no executive decisions within
14 the state as of the time the complaint was filed. (Opp., at 8–9; Chester Decl. ¶¶ 11–13, 20; Cifrese
15 Decl. ¶¶ 3–5;

16   In the event that no state were SLX's principal place of operations, SLX would also not be
17 a citizen of California under the "nerve center" test. SLX's executives are stationed in New
18 Jersey, and make all of the operation decisions for the company from there. (Opp., at 10–11;
19 Chester Decl. ¶¶ 11–13.) Therefore, the Court finds that under the "nerve center," test, SLX's
20 principal place of business would be New Jersey.

21   Based on the above analysis, the Court finds that neither defendant CIT nor defendant SLX
22 is a citizen of California, nor is either incorporated in California. Since plaintiff Balestri is
23 domiciled in California, and there is no dispute that the amount in controversy requirement is
24 satisfied, the Court finds that Defendants have established the requisite elements for diversity
25 jurisdiction under 28 U.S.C. § 1332 and therefore Plaintiff's motion to remand is denied.[1]
26 //
27
28   [1] Plaintiff also requests an award of costs and expenses related to this case's removal. Because this court denies Plaintiff's motion, his request for costs and expenses is unwarranted.

**CONCLUSION**

For the foregoing reasons, this Court **DENIES** Plaintiff's motion to remand.

IT IS SO ORDERED.

DATED: October 6, 2008

_____
Honorable Janis L. Sammartino
United States District Judge